PRIESTLEY v. HAYS.[*]

(Division A.   May 23, 1927.)

[112 So. 788.   No. 26394.]

1. MUNICIPAL CORPORATIONS. *Instruction making it absolute duty of
automobile driver to turn right held erroneous, where defense
was defendant turned left to avoid collision (Hemingway's Code,
sections 5781, 5785).*

In suit for personal injuries received in collision between plaintiff's
automobile and delivery truck belonging to defendant, instruction
making it absolute duty of automobile driver to turn to right
of center of road *held* erroneous under Hemingway's Code, sec-
tions 5781, 5785, where defense was that it reasonably appeared
to driver of truck that it was necessary to turn to left to avoid
collision with plaintiff's automobile, and there was testimony
supporting such theory.

2. MUNICIPAL CORPORATIONS. *Defendant held entitled to instruction
on theory that automobile driver turned left to avoid collision
(Hemingway's Code, sections 5781, 5785).*

In action for injuries received in collision between plaintiff's au-
tomobile and delivery truck belonging to defendant, defendant
was entitled under Hemingway's Code, sections 5781, 5785, to
instruction embodying his theory that truck driver turned to left

under reasonable belief that it was necessary to avoid collision with plaintiff's automobile.

3. TRIAL. *Requested instruction held erroneous as assuming plaintiff's negligence in driving automobile on wrong side of street.*

Requested instruction, in action for injuries in collision between plaintiff's automobile and delivery truck belonging to defendant on theory that driver of defendant's truck turned to left under reasonable belief that it was necessary to avoid collision, *held* erroneous as assuming that plaintiff was negligent in driving on wrong side of street, since negligence was question for jury to pass on under all facts and circumstances in evidence.

4. NEGLIGENCE. *Requested instruction on comparative negligence in automobile collision held improperly refused (Hemingway's Code. sections 502, 503).*

In action for injuries received in collision between plaintiff's automobile and truck belonging to defendant, instruction requested by defendant on comparative negligence, under Hemingway's Code, sections 502, 503, *held* improperly refused, in view of evidence as to negligence.

*Corpus Juris-Cyc. References: Highways, 29CJ, p. 655, n. 4; p. 656, n. 15; p. 665, n. 67, 69; p. 668, n. 13; p. 669, n. 24, 28; Municipal Corporations, 28Cyc, p. 913, n. 11, 17, 20; Negligence, 29Cyc, p. 657, n. 50; Trial, 38Cyc, p. 1632, n. 10; p. 1633, n. 11; p. 1657, n. 53; On rules of the road governing vehicles proceeding in opposite directions, see annotation in 41 L. R. A. (N. S.) 322; 24 A. L. R. 1308; 13 R. C. L. 273, et seq., 8 R. C. L. Supp. 36; 5 R. C. L. Supp. 690.

APPEAL from circuit court of Harrison county.

HON. W. A. WHITE, Judge.

Suit by R. W. Priestley against W. L. Hays. Judgment for plaintiff, and both parties appeal. Reversed and remanded.

*Ross, Backstrom & Bickerstaff,* for appellant.

The only question presented by this appeal is the adequacy of the verdict by the jury. If the award by the jury is, in the opinion of this court, manifestly inadequate, then we submit that the case should be reversed and remanded for a new trial on the amount of damages. Under the ruling of this court in a long line of decisions,

this case should be reversed and remanded for a new trial on the amount of damages only. *Scott* v. *Y. & M. V. Railroad Co.,* 103 Miss. 522, 60 So. 215; *Murphy* v. *Town of Cleveland,* 106 Miss. 269, 63 So. 572; *Whitehead* v. *Newton Oil & Mfg. Co.,* 105 Miss. 711, 63 So. 219; *White* v. *McRee,* 111 Miss. 502, 71 So. 804; *Walker Bros.* v. *Nix,* 115 Miss. 199, 76 So. 143.

There is no element of contributory negligence in this case. The defendant asked for an instruction on contributory negligence, which instruction was refused. The undisputed evidence is that when appellant first saw the defendant's truck the said truck was one hundred eighty feet in front of him and that he immediately began turning to his right in order to allow defendant's truck to pass on appellant's left, and also that instead of turning to the right going west the driver of the defendant's truck turned to left going west and headed directly in front of appellant and traversed about two-thirds of the distance between the two cars before finally colliding with appellant on the outside of the street on the right-hand side going west. The appellant gave the appellee all of the street and took to the woods on his own right-hand side, and even after making this extraordinary attempt to evade the impending collision, was unsuccessful, and under no circumstances could there be negligence attributable to the appellant, and the court so found.

*Carl Marshall,* for appellee and cross-appellant.

The law is firmly established to the effect that when a negligent failure of one driver to keep to the right of the road when approaching a vehicle driven in the opposite direction forces the driver of such other vehicle by apparent necessity to deviate to his left, no holding of negligence of such other driver may be predicated upon the deviation when a collision of the two vehicles occurs. Indeed, it is held in some cases to be negligence for a driver not to turn to the wrong side of the road in

technical violation of the law of the road, when there is apparent necessity for him to do so in order to avoid a collision, regardless of the cause of the necessity. *J. G. Sims, Administrator,* v. *W. P. Eleazer et al.,* 116 S. C. 41, 106 S. E. 854, 24 A. L. R. 1293, and authorities cited in the opinion and editorial note.

It would seem that without exception the ruling of the learned trial court in the case at bar embodied in the granting of the instruction requested by the plaintiff and the refusal of the instruction requested by the defendant is condemned as substantially and materially erroneous by the authorities. See authorities collated in editorial note in 24 A. L. R., pages 1308, *et seq. Potter* v. *Glassell,* 146 La. 687, 83 So. 898.

Section 5781 of Hemingway's Code provides that when vehicles meet each other upon the highway going in opposite directions each driver shall turn to his right so as to safely pass. Section 5785 provides that a violation of this statute shall create a *prima-facie* presumption only of negligence as a proximate cause of the occurrence. The two statutes constitute the law of the case; and it is earnestly insisted that the learned court below committed vitally material error in charging the jury that a failure to comply with the letter of the statute, regardless of the circumstances surrounding the failure, creates a conclusive presumption of liability.

The Mississippi authority of *Flynt* v. *Fondren,* 122 Miss. 248, 84 So. 188, does not militate against the position assumed by us. It being an admitted fact that the collision reached its culmination on the south side of the street (that is, on the side to the left of the defendant's driver), the sole issue in the trial below was whether negligence of the plaintiff in turning to his left as the two vehicles approached was the proximate cause of the accident as forcing the defendant's driver to turn to his left in response to an apparent necessity of doing so, in order to avoid collision. There was ample evidence upon which the jury could have determined this issue

either way, and the trial court properly submitted the issue of liability to the jury.

The jury having no option but to decide for the plaintiff under the law announced in the court's instruction on the question of liability, the verdict awarded the plaintiff damages in the sum of three hundred fifty dollars. No hint is made of improper conduct or motives on the part of the jury; and the jury having the superior opportunity of viewing the plaintiff, observing his condition, his manner and other indications of credibility and of health, every presumption is indulged in favor of the correctness of the award.

The jury's finding as to damages should not be disturbed. *Sullivan* v. *Gulf & Ship Island Railroad Company,* 131 Miss. 136, 95 So. 306; *Scott* v. *Yazoo & Mississippi Valley Railroad Company,* 103 Miss. 522, 60 So. 215.

*Ross, Backstrom & Bickerstaff,* in reply, for appellant.

We have examined the collated authorities and editorial notes in 24 A. L. R., pages 1308 *et seq.,* and the cases there commented upon held that under the facts of each of such cases, it was not negligence for the driver to turn to his left in order to avoid an impending collision, but in none of these cases is it said directly or by inference that a failure of the driver to turn to his left in order to avoid an impending collision is negligence or contributory negligence, and we are not aware of any case which does so hold. Indeed, such a holding would be in direct conflict with section 5781 of Hemingway's Code, which provides that the driver shall reasonably turn to the right of the center of the road so as to allow free passage on his left. See *Bow* v. *Cupples Mercantile Co.,* 32 Idaho, 774, 189 Pac. 48, 24 A. L. R. 1296, directly in point.

We have a Mississippi case strikingly similar to the case at bar. *Flynt* v. *Foundren,* 128 Miss. 348, 84 So. 188.

Cook, J., delivered the opinion of the court.

The plaintiff instituted this suit in the circuit court of Harrison county against the defendant, for personal injuries alleged to have been sustained by him in a collision between an automobile which he was driving and a delivery truck belonging to the defendant. There was a verdict and a judgment in favor of the plaintiff for the sum of three hundred fifty dollars, and from this judgment the plaintiff prosecuted this appeal, assigning as error the inadequacy of the damaages awarded, and the defendant prosecuted a cross-appeal, assigning as error the granting of one instruction to the plaintiff and the refusal of two instructions requested by the defendant.

The facts which we deem material to a decision of the questions presented are that on the day of the injury complained of, the plaintiff was driving eastward on Fifteenth street, in the city of Gulfport, and the defendant's delivery truck was proceeding westward on the same street. The street was straight at that point, and there was nothing to obstruct the drivers' clear view of each other, and each observed the other's approach. A short distance to the west of the point of collision, an unused street car track crossed Fifteenth street at an angle. As the plaintiff approached this street car track, he turned to the left in order to cross it at right angles and thereby more easily drive over it. When plaintiff had crossed this track at right angles, his automobile was thereby placed on the north or left side of the street; and the driver of the defendant's truck testified that he thought the plaintiff was either going to stop at the north curb or drive into an alley leading from the north side of the street, and that he turned to his left in order to avoid striking plaintiff's automobile, believing from the appearances that it was necessary to do so. As the defendant's driver turned to his left, the plaintiff turned to his right, in order to go back to his proper side of the street. The truck driver continued to swerve to his left, while

the plaintiff, without attempting to apply his brakes or stop, continued toward the south side of the street, and the two cars collided at or near the south side of the street, resulting in injury to plaintiff and damage to his car.

The plaintiff requested, and was granted, the following instructions:

"The court instructs the jury for the plaintiff that it was the duty of the defendant's truck driver, when he was about to meet the plaintiff, to have turned his motor truck to the right of the center of the road or street, so as to have passed without interference.

"And the court further charges the jury for the plaintiff if you believe from a preponderance of the evidence that the injury complained of was caused by the defendant's motor truck driver neglecting to turn to the right of the center of the road, or street, then you must find for the plaintiff and assess his damage at such sum as will compensate him for the injuries received, if any, and also for the loss of time, if any, from his labors, not to exceed the sum sued for."

The court below refused an instruction requested by the defendant which was in the following language:

"The court instructs the jury that if the jury believes from the evidence that negligence of the plaintiff in driving on the wrong side of the street, if he did so drive, forced the driver of the defendant's truck to deviate to his left, so that the collision occurred on the south side of the street, the fact that said collision occurred on said side of said street is not sufficient in itself to warrant a verdict in favor of the plaintiff."

This instruction for the plaintiff makes it the absolute duty of the driver of an automobile to obey the law of the road and turn to the right of the center of the road or street when meeting another vehicle, without regard to the circumstances with which he may be confronted, or the apparent necessity of turning to the left to avoid a collision; and makes the failure to comply with the

147 Miss.—54.

letter of the statute a conclusive presumption of negligence, and consequent liability. Section 5781, Hemingway's Code, provides that when vehicles meet each other going in opposite directions, each driver shall reasonably turn to his right so as to safely pass; while section 5785, Hemingway's Code, provides that a violation of this statute creates only a *prima-facie* presumption of negligence. The driver of a vehicle on a highway is required to exercise ordinary and reasonable care under the circumstances with which he is confronted; and where the failure of one driver to keep to the right of the road when approaching a vehicle driven in the opposite direction makes it reasonably apparent to the driver of the other vehicle that it is necessary to turn to the left to avoid a collision, no finding of negligence of the latter driver may be based upon the deviation when a collision of the two vehicles occurs. The defendant's whole defense was based upon the theory that it reasonably appeared to the driver of the truck to be necessary to turn to the left to avoid a collision with the plaintiff's automobile on the north side of the street; and there was testimony on behalf of the defendant to support this theory. Whether the driver of the truck acted in a reasonably prudent manner under all the circumstances in evidence was a question for the jury; but the instruction complained of totally ignores the defendant's theory and makes his liability absolute if the driver of the truck failed to turn to the right and as a result thereof the collision occurred. It is admitted that the driver of the truck turned to the left, and that the collision occurred on the south side of the road; and, consequently, this instruction is, in effect, peremptory, and, in our opinion, should have been refused.

The refused instruction, above quoted, embodies the defendant's theory, as testified to by his witnesses, and should have been given, except for the fact that in the first part thereof it assumes as a fact that the plaintiff was negligent in driving on the wrong side of the street.

That was a question for the jury to pass upon under all the facts and circumstances in evidence; and the requested instruction was erroneous in assuming as a fact that the plaintiff was negligent in so doing.

The defendant also requested a comparative negligence instruction under the provisions of sections 502 and 503 of Hemingway's Code, and this was refused. Whether, under all the evidence, plaintiff was guilty of negligence which contributed to his injury was, in our opinion, a question that should have been submitted to the jury for decision; and we think this instruction should have been granted.

For the errors indicated in these instructions, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*