GILLESPIE, Presiding Justice:
Eddie Moore and Sammie Lee Carouth-ers (plaintiffs) filed separate suits against Robert W. Acord, Quedell Conway, and Wallace Pulphus, in the Circuit Court of Chickasaw County for personal injuries sustained in an automobile accident. The *57 two cases were consolidated for trial, and the jury returned separate verdicts of $5,-000 for Moore and $7,500 for Carouthers. Judgments were entered accordingly, and defendant Acord appealed to this Court where the cases have been consolidated for hearing. Conway and Pulphus did not appeal.
Plaintiffs were passengers in a southbound automobile driven by J. C. Hill on a two lane paved highway about two miles south of Okolona. At the same time and place three vehicles were traveling north. The first one was driven by Pulphus, the second by Conway, and the third by the defendant Acord. After the Pulphus vehicle had descended a hill, it slowed down in order to make a right hand turn into a driveway. Conway was said by some of the witnesses to be a short distance behind Pulphus, and Acord was behind Conway. Hill was descending a slope traveling from north to south at a speed of about 60 miles per hour and approaching the three vehicles when Acord drove from his righthand lane into the lefthand lane in order to pass the Conway and Pulphus vehicles. About the same time Hill turned to his right and applied his brakes and in so doing lost control of his automobile. In attempting to regain control of his vehicle, Hill turned to his left into the highway, skidding sideways. The Hill and Acord vehicles collided either near the center of the highway or in the northbound lane. Both vehicles came to rest on the east side of the highway.
Plaintiffs charged Acord with numerous acts of negligence including (1) violation of the statute by turning his vehicle to the left side of the road in order to pass the Conway and Pulphus vehicles when his left traffic lane was not free of oncoming traffic, (2) failing to bring his vehicle to a stop before colliding with the Hill vehicle, (3) failing to keep a proper lookout, and (4) failing to have his car under control. Pulphus and Conway were charged with several acts of negligence.
Acord assigns as error the action of the trial court in refusing his requested peremptory instruction. He argues that there was no evidence that he was negligent, and the negligence of J. C. Hill, the driver of the vehicle in which plaintiffs were riding, was the sole proximate cause of the collision. The evidence on behalf of the plaintiffs was sufficient to make a jury question on the issue of Acord’s negligence. The jury could find that the logical explanation for Hill applying his brakes and turning his car to the shoulder of the road was that Acord was meeting him on Hill’s side of the road while Acord was passing the Pulphus vehicle. It is contended that Hill was about 500 to 600 feet north of Acord when Acord passed Pulphus; however, witness Fortner, a passenger in the Pulphus automobile, testified that the Hill car was about one-half block from the Pulphus car when the Hill car went out of control, and Acord was passing the Pulphus vehicle about that time.
Acord argues that Pulphus and Conway were joined merely to confer local jurisdiction and that they were not actually involved in the accident and that Acord’s motion for a severance should have been sustained. Default judgments were entered by the trial court against Pulphus and Conway, neither of whom answered the declaration. The writ of inquiry to determine the damages as against Pulphus and Conway was conducted at the same time as the trial on the issue of liability and damages as against Acord. Acord contends that all of this worked to his prejudice and that the jury was confused. We are of the opinion that there is no merit to this argument. It is true that there was no proof of negligence on the part of Conway or Pulphus, but default judgment was entered against these defendants and there was no necessity for the plaintiffs to put on any proof on the issue of liability of those two defendants.
The practice in this state is to sue as many of several joint tort feasors as the *58 plaintiff elects to sue and to join them in one suit and any judgment against them is joint and several. In Saucier v. Walker, 203 So.2d 299 (Miss. 1967), this Court said:
[I]n actions based on joint negligence of several tort-feasors, a separate verdict against each defendant cannot be rendered; there must be one verdict rendered against all defendants whom the jury finds liable. (203 So.2d at 302).
The third assignment of error complains of certain instructions given the plaintiff and others refused the defendant involving the question of whether any negligence of J. C. Hill was imputable to the plaintiffs. We are of the opinion that this assignment of error is without merit. The evidence does not show that the plaintiffs were guilty of negligence, nor does it show they had such control of the vehicle in which they were riding that the negligence, if any, of J. C. Hill should be imputed to them.
Acord next contends that several instructions requested by him and refused by the trial court should have been given and such refusals constituted reversible errors. We find no error in the refusal of these instructions and deem it unnecessary to enter into a discussion thereof.
Acord next assigns as error the granting of plaintiffs’ requested sudden emergency instruction concerning the negligence or absence of negligence of J. C. Hill. It is contended that this is not a case for a sudden emergency instruction and if it were, the instruction given was erroneous. We are of the opinion that it was an appropriate case for the sudden emergency instruction and that the plaintiffs were justified in requesting a proper instruction on the sudden emergency doctrine. Hill’s negligence was an important factor in the case. If his negligence was the sole proximate cause of the accident, the plaintiffs could not recover. If Hill turned to the right and applied his brakes suddenly because Acord “whipped around” the Pulphus vehicle when Hill was so close that Acord’s maneuver interfered with the safe operation of the Hill vehicle, then Hill had several alternatives, including (1) remaining in his lane and applying his brakes, or (2) turning onto the shoulder and applying his brakes, and under a proper instruction it was for the jury to determine if Hill’s actions were those of a prudent driver. Therefore, a proper sudden emergency instruction was appropriate. However, the instruction was erroneous because (1) it did not describe briefly the sudden emergency stating the facts which the jury might decide warranted the finding of a sudden emergency, and (2) the instruction did not provide that after the emergency arose Hill must have exercised the care of a reasonably prudent and careful driver under the circumstances. Gulf, Mobile and Ohio RR. v. Withers, 247 Miss. 123,154 So.2d 157 (1963).
Acord next contends numerous instructions given the plaintiffs constituted error.
Plaintiffs were given nineteen instructions on liability and ten on damages. No complaint is made as to the instructions on damages. Plaintiffs’ instruction number 8 properly submitted to the jury the issues (1) whether Acord failed to keep a proper lookout, or (2) failed to keep his vehicle under proper control. Plaintiffs’ instruction number 15 correctly submitted to the jury the question whether Acord violated Mississippi Code 1942 Annotated, Section 8185 (1956), in passing the Conway and Pulphus vehicles. Plaintiffs’ instruction number 19 properly submitted the issue as to whether Acord was guilty of negligence in failing to bring his vehicle to a stop after he knew or should have known that the Hill vehicle was in a position of peril. The aforementioned instructions adequately and correctly submitted to the jury the essential issues of negligence involved in this case from the plaintiffs’ standpoint.
*59 Instructions number 9, 10, 11, 12, 13, 14, 16 and 17 should not have been given either because they were repetitions of other instructions or because they were erroneous.
Plaintiffs’ instruction number 9 is erroneous because it required Acord “under all circumstances and at all times he must be diligent and must anticipate the presence of others,” and if he thus, failed, he would be guilty of negligence. This is a higher standard of care than required by law and provides no factual guide for determining Acord’s negligence.
Plaintiffs’ instruction number 11 is another instruction concerning the passing by Acord of the other vehicles and erroneously placed upon Acord an absolute duty to do so safely.
Plaintiffs’ instruction number 12 is concerned with Acord passing the other vehicle and stated that Acord was guilty of negligence if he turned his vehicle to the left lane “when the Hill vehicle was in such vicinity and had already pre-occupied the said lane.” This was error.
Plaintiffs’ instruction number 17 is too general and placed a duty on Acord that the law does not require. It placed an absolute duty on Acord to avoid injury to others. The standard of the law is reasonable care. Mills v. Balius, 254 Miss. 353, 180 So.2d 914 (1965) and Bryan Bros. Packing Co. v. Grubbs, 251 Miss. 52, 168 So.2d 289 (1964).
We are unable to affirm this case in view of the errors in the instructions, which we cannot say were harmless, especially in view of the excessive number of instructions in this case.
Reversed and remanded.
JONES, INZER, SMITH and ROBERTSON, JJ., concur.