SUGG, Justice:
Joe C. Hill, plaintiff below and appellant here, sued Robert W. Acord, Wallace Pul-phus and Quedell (Jr.) Conway, defendants below and appellees here, to recover damages for personal injuries sustained in an automobile collision. Appellant took a voluntary nonsuit as to Conway and the jury found for the appellees, Acord and Pul-phus. Appellant prosecutes his appeal from this finding of the jury.
The appellant, together with guest passengers, Eddie Moore and Sammy Lee Carouthers, were proceeding south on Highway 45 and the appellee, Acord, was proceeding north on the same highway. The appellee, Pulphus, was proceeding north on the same highway and turned right into a private drive at which time the appellee, Acord, passed the appellee, Pul-phus, as he was turning east, and continued north along the highway.
Appellant’s theory of the case is that the appellee, Acord, passed the Pulphus vehicle when the appellant was in such close proximity that a sudden emergency arose and when appellant applied his brakes and turned to the right he lost control of the car, skidded down the highway across into Acord’s lane of traffic and struck the ap-pellee Acord in the east lane of the highway.
The defendants, Pulphus and Conway, failed to file an answer to the declaration and a default judgment was entered on April 29, 1969 which provided that the writ of inquiry be heard by the same jury selected to try the case against the defendant, Robert W. Acord. At the May, 1969 term of the Circuit Court of the Second Judicial District of Chickasaw County, Mississippi appellant recovered a judgment against all of the defendants in the amount of $10,000.
After the jury verdict was rendered, the appellee, Acord, moved for a new trial and the appellant moved for a new trial on the issue of damages only and on May 9, 1969 the Circuit Judge sustained Acord’s motion, set aside the verdict of the jury and ordered a new trial on all issues as to the defendant, Robert W. Acord.
Thereafter the defendant, Acord, filed a petition for removal in the United States District Court for the Northern District of Mississippi, Eastern Division, and on appellant’s motion to remand, the cause was remanded to state court on August 25, 1969.
Appellee Acord, then filed, in the Circuit Court, a motion of severance and misjoin-der and stated in the motion the following:
It was the opinion of counsel representing Robert Accord [sic] that the new trial ordered by the Court would concern itself with issues only between the plaintiff and the Defendant, Accord [sic]. However, upon asking the Court concerning this matter, the Court, on October 27, 1969, announced that the new trial ordered would also include the defendants, against whom default judgment was taken and who are not represented by counsel.
*474 The motion was overruled on October 28, 1969 and the case was set for trial on November 4, 1969. The case proceeded to trial, and after the plaintiff had introduced five witnesses, the defendant Acord made a motion to offer further proof on his motion for severance.
The court then heard lengthy proof on this motion and held that the defendants Pulphus and Conway were uneducated men; that the plaintiff had told them he was not suing them; that the default judgment theretofore taken against these two defendants be set aside in order to render justice. The court then, of its own motion, set aside the default judgment and stated that the defendants, Pulphus and Conway, should have a plea of general issue and permitted them to be present in court and participate in the hearing. The court then called the jury in and made the following statement:
Gentlemen, I would like to inform the jury of this: Ladies and gentlemen of the jury, at the outset of this trial you were instructed that this matter was to the jury as to the Defendants Quedell Conway and Wallace Pulphus only on a matter of inquiry. Now the Court is telling you that this has been changed and the matter will be before the jury on the whole issue of liability as well as the Writ of Inquiry which the Court heretofore told you was the matter of damages. Does either side have any objection to that?
The appellee, Acord, objected to the ruling of the court, but the appellant did not.
Appellant assigns as error the action of the Court which set aside the default judgment theretofore rendered against the defendants Pulphus and Conway.
This action of the court was in error but the appellant did not preserve the error. If the appellant desired to object to this ruling of the court, he should have made timely objection after the ruling of the court rather than wait until the jury found for appellee, Pulphus.
Appellant next assigns as error the giving of the following instructions for the defendant.
INSTRUCTION NO. _2_ FOR DEFENDANT
The Court instructs the Jury for the Defendant, Robert W. Acord, that under the law of the State of Mississippi, drivers of vehicles proceeding in opposite directions shall pass each other to the right; and should you find from the preponderance of the evidence in this case that Joe C. Hill in meeting the Defendant, Robert W. Acord, violated this law then the said Joe C. Hill was negligent; and should you find from a preponderance of the evidence that such negligence, if any, was the sole proximate cause of the accident in question your verdict must be for the Defendant, Robert W. Acord; or should you find from a preponderance of the evidence that such negligence on the part of Joe C. Hill, if any, together with the negligence of Wallace Pulphus, if any, was the sole proximate cause of the accident in question, your verdict must be for the Defendant, Robert W. Acord.
INSTRUCTION NO. _3_ FOR DEFENDANT
The Court instructs the jury for the Defendant, Robert W. Acord, that under the law of the State of Mississippi it was the duty of Joe C. Hill to keep to the right side of the center dividing line on the highway; and if you believe from a preponderance of the evidence that the said Joe C. Hill failed to so do, then he was negligent; and should you find from a preponderance of the evidence that such negligence, if any, was the sole proximate cause of the accident then it is your sworn duty to find for the Defendant, Robert W. Acord; or if you believe from a preponderance of the evi *475 dence that the combined negligence of Joe C. Hill and Wallace Pulphus was the proximate cause of the collision herein complained of, then your verdict must be for the Defendant, Robert W. Acord.
INSTRUCTION NO. 6_ FOR DEFENDANT
The Court instructs the jury for the Defendant, Robert W. Acord that before a driver can change from a direct course of travel he must first determine whether or not such change can be made with reasonable safety for all persons and vehicles within his view and the failure .to make such determination is negligence per se in the event there is a resulting collision. Therefore, if you believe from a preponderance of the evidence that Joe C. Hill changed his course of travel on the date, time and place in question by moving from the west lane of Highway No. 45 into the East Lane of Highway No. 45 and that such maneuver was made at a time when Joe C. Hill knew, or in the exercise of reasonable care should have known, that a collision was eminent, [sic] then it is your sworn duty to find that Joe C. Hill was guilty of negligence and if you further believe from a prepondarence of the evidence that such negligence, if any, was the sole proximate cause of the collision herein complained of, then it is is your sworn duty to find for the Defendant, Robert W. Acord.
Appellant’s whole case was based upon the theory that the appellant was confronted with a sudden emergency caused by Acord passing the Pulphus vehicle when appellant was in such close proximity that an emergency arose. The instructions complained of totally ignore the appellant’s theory and make his liability absolute if the impact occurred in Acord’s line of traffic.
The sudden emergency claimed by the appellant was a question for the jury to pass on under all the facts and circumstances in evidence; the above instructions are erroneous in assuming as a fact that appellant was negligent in moving into Acord’s lane of traffic.
These instructions took away from the jury the right to consider the plaintiff’s theory of a sudden emergency and amounted to a peremptory instruction as to the liability of appellant. . Priestley v. Hays, 147 Miss. 843, 112 So. 788 (1927); McNeely v. Blain et al., 255 So.2d 923 (Miss. 1971).
Appellant assigns as error the failure of the trial court to give two sudden emergency instructions requested. In a companion case, Acord v. Moore, 243 So.2d 55 (Miss.1971), this Court held that appellant was entitled to a sudden emergency instruction, but pointed out that the sudden emergency instruction given was erroneous. Appellant’s sudden emergency Instruction No. 7 given in the instant case is in the exact language of the sudden emergency instruction condemned in Acord v. Moore, supra. No error was committed by the trial court in refusing the two requested instructions because they did not comply with the requirements of Acord v. Moore, supra.
Appellees’ Instruction No. 10 was erroneously given because it is based on Mississippi Code 1942 Annotated section 8185 (1956), which provides that an overtaking vehicle must return to the right hand side of the roadway before coming within 100 feet of any vehicle approaching from the opposite direction. There is no evidence in the record to show that appellant was overtaking a vehicle and the instruction could only serve the purpose of confusing and misleading the jury.
An excessive number of instructions was given in this case and on retrial the instructions should be limited to the theories of the appellant and the appellee.
We are of the opinion that the instructions complained of given to the appellee Acord are of such gravity as to require a reversal of this case for a new trial *476 against the appellee Acord. The case is affirmed as to the jury verdict discharging the appellee Pulphus.
Affirmed in part, reversed in part and remanded for a new trial.
RODGERS, P. J., and PATTERSON, SMITH and ROBERTSON, JJ„ concur.