MILLS *v.* BALIUS

No. 43713        December 13, 1965        180 So. 2d 914

354

*Rae Bryant, Thomas L. Stennis, II,* Gulfport, for appellant.

*Marby R. Penton,* Pascagoula; *Louis Fondren,* Moss Point, for appellee.

BRADY, TOM P., J.

This is an appeal from the Circuit Court of Harrison County, by the appellant, from a jury verdict and judgment in the amount of $20,000 rendered against him in favor of the appellee. The pertinent facts involved in this lawsuit are as follows:

U. S. Highway 90 is a divided four lane turnpike. It extends east and west, bordering the beautiful Gulf Coast. In the blithe and ebullient city of Biloxi it is intersected by Oak Street, which runs north and south. Immediately north and south of Highway 90 are two service roads. Both of these roads have a neutral ground separating them from the northern and southern boundaries of Highway 90 as they parallel the same. The two northern lanes of Highway 90 are used by westbound traffic, and the two southern lanes are used by eastbound traffic. Each of the service roads has two lanes of traffic which are used by traffic going east and west.

On May 17, 1963, Conrad Balius, appellee, was traveling west on the service road south of Highway 90 in the city of Biloxi. Edward Mills, appellant, was traveling

east in the north lane of the south half of Highway 90, following an eastbound car. That car made a left turn to go north on Oak Street at the intersection. The vehicle driven by the appellee, upon reaching the intersection of Oak Street, turned right and proceeded north up Oak Street. The appellant swerved his car to avoid a collision, but the left front of appellant's car and the left rear portion of appellee's car collided as both cars were proceeding east and north, respectively, across the intersection with Oak Street. Whether or not appellee's automobile was moving or was stopped at the time of the collision is in dispute, as is also the exact point of the impact of the cars.

The jury returned a verdict of $20,000 in favor of appellee. From this verdict this appeal is prosecuted.

Appellant assigns five errors, two of which relate to the verdict of the jury, two of which relate to instructions, and one of which relates to evidence. If the assigned errors relating to the instructions are well taken, then it is unnecessary to consider the other errors. Therefore, turning to the errors urged which relate to the instructions, we find that appellant simply asserted that the trial court erred in instructing the jury in behalf of appellee and in refusing instructions on behalf of appellant. Reviewing the instructions, we find that the appellee was granted only three instructions. The third was the customary nine juror and form of verdict instruction. The other instructions granted for the appellee are as follows:

### INSTRUCTION NUMBER 1 FOR PLAINTIFF

The Court instructs the jury for the Plaintiff, Conrad Balius, that the driver of an automobile must not merely drive his automobile so as to be able to stop within the range of his vision, but the driver must so drive his automobile that he can actually discover an object, perform the manual acts necessary to stop,

and bring his vehicle to a complete halt, if necessary, to avoid collision with others on or near the highways, and, if you believe from a preponderance or greater weight of the evidence in this case that the Defendant taxi-cab driver, Edward Mills, was not driving the taxi-cab so as to be able to avoid such a collision with the automobile of Conrad Balius, then and in that event, Edward Mills was negligent, and if you further believe from a preponderance of the evidence that such negligence, if any, proximately contributed to the collision involved in this lawsuit, giving rise to the Plaintiff's damages, it is your sworn duty to find for the Plaintiff, Conrad Balius, against the Defendant, Edward Mills.

## INSTRUCTION NO. 2 FOR PLAINTIFF

The Court instructs the jury for the Plaintiff, Conrad Balius, that if you find from a preponderance of the evidence that the Defendant, Edward Mills, was negligent and that his negligence was the proximate cause of the accident, then you should award to the Plaintiff the following:

1. The sum in damages which you believe from a preponderance of the evidence will fairly and reasonably compensate him for the pain and suffering, both mental and physical, which you believe from the evidence he sustained as a direct result of the injuries, if any, sustained in said collision.

2. The sum in damages which you believe from a preponderance of the evidence will fairly and reasonably compensate him for any future pain and suffering, both mental and physical, which you believe from the evidence that he will sustain as a direct result of the injuries, if any, sustained in said collision.

3. Such sum as you believe from a preponderance of the evidence will fairly and reasonably compensate the Plaintiff for any loss of income, if any, which he

has in the past or will in the future sustain as a direct result of the injuries, if any, sustained in said collision.

■■■ Appellant contends that Instruction No. 1 granted appellee made appellant the absolute insurer of the safety of appellee, regardless of what appellee might do. It should be noted that this instruction tells the jury that appellant must not only drive his automobile so as to be able to stop within the range of his vision but that the appellant must so drive his automobile that he can actually discover an object, perform manual acts necessary to stop, and bring his vehicle to a complete halt, if necessary, to avoid collision with others on or near the highways. The instruction goes further and states that if the jury believes from a preponderance of the evidence that the appellant was not driving his taxicab so as to be able to avoid such a collision with the appellee, then the appellant was negligent; and that if the jury believed that such negligence, if any, proximately contributed to the collision, then they should find for appellee.

Substantially the same instruction was condemned in Bryan Bros. Packing Co. v. Grubbs, 251 Miss. 52, 57, 168 So. 2d 289, 291 (1964). In that case this Court, speaking through Judge Gillespie, said:

This instruction told the jury that the driver of a vehicle ''. . . must so drive his vehicle that he can actually discover an object, perform the manual acts necessary to stop, and bring his vehicle to a complete halt, if necessary, to avoid a collision with others. . . .'' This instruction placed upon Guyton an absolute duty to avoid a collision with others. The standard required by the law is ordinary, or reasonable, care.

■■■ Considering next Instruction No. 2, and without deciding whether or not the proof is sufficient in this case to justify any damages with reference to future pain and suffering, both mental and physical, and without deciding whether or not the proof is sufficient to

justify the instruction with reference to loss of income, if any, past or in the future, as a direct result of the injuries, we feel that Instruction No. 2 was error for the reason that it simply instructs the jury that if it believes from a preponderance of the evidence that appellant was negligent and his negligence was the proximate cause of the accident, the jury should find for the appellee.

This instruction wholly fails to designate what constitutes negligence so that the jury would have the criteria by which it could determine whether or not the appellant was negligent.

The only other instruction sought by appellee with regard to negligence was the first instruction noted above. The negligence in that instruction related solely to the ability of the driver to stop within his range of vision and that the driver must drive his automobile so that he can actually discover an object and perform the necessary manual acts to bring his vehicle to a complete stop in order to avoid a collision. This instruction being erroneous, it cannot be now urged by appellee that it supplies the necessary elements which constitute negligence on the part of the appellant.

It follows, therefore, that the second instruction is erroneous for the reason that it merely tells the jury if they believe the appellant was guilty of negligence, without designating what constitutes negligence under the circumstances, and that his negligence was the proximate cause of the accident, appellee can recover.

It is obvious, therefore, that this case must be reversed and remanded for trial on these assignments of error.

■■ Since this case is to be retried, it is in order to make these suggestions with reference to the injuries and damages which have been asserted. Injuries of any type or degree, temporary or permanent, including any pain and suffering, must be established by a preponder-

ance of the credible evidence and shown to be causally related to the alleged negligence. Unless this is shown, no instructions based thereon should be given. ██ █ Additionally, any hospital, doctor, medical or other related expenses, and any loss of earnings or income sustained cannot be left to conjecture, but must be specifically established.

These prerequisites must be shown so that a jury can reasonably determine what damages should be awarded because of the injuries, pain and suffering, together with expenses and financial losses resultant from the negligence proven. In support of these rules the authorities are legion and do not require citation here. It is apparent that the evidence offered is insufficient to sustain the verdict rendered.

Insofar as the waiver of all medical privileged communication between doctor and patient is concerned, this case does not come squarely under the rule announced in Gatlin v. Allen, 203 Miss. 135, 33 So. 2d 304 (1948), since the gesture of consent in that case, because the doctor was out of town and could not be reached, did not rise above that which is only theatrical. It is not necessary to pass upon whether the appellant was entitled to a proper instruction based upon appellee's failure to call his physicians. Clary v. Breyer, 194 Miss. 612, 13 So. 2d 633 (1943). When this case is retried, appellee having waived the privilege, the appellant will have ample time to interview appellee's doctors and subpoena them as witnesses, if he so elects.

██ █ We do not, of course, condemn the use of blackboards, freehand drawings thereon, or on paper, miniature models or other media properly utilized in the trial of a lawsuit. Specifically, we do not impinge upon the sound discretion accorded to the trial judges in conducting lawsuits. We do not hold in the case at bar, after considering all the evidence, that the use of the blackboard which was not introduced in evidence, or even

for identification, constituted reversible error. It was a hazardous procedure for the reason that had the appellee not introduced photographs which clearly showed the highway and roads constituting the intersection and point of collision, this Court would have been without any visible means of knowing what purportedly was exhibited to the jury by the use of the blackboard. A far safer and better procedure would be, where a blackboard is desirable or necessary in the trial of a case, to introduce, and have marked as an exhibit, a photograph, map or facsimile of what is on the blackboard, or introduce the blackboard itself. This is common procedure in the trial of cases of negligence.

The appellant was not powerless to introduce a photograph, map or diagram drawn to scale showing the errors in the freehand blackboard drawing of the appellee, which would have succinctly informed this Court of appellee's objectives, and errors, if any.

■■■ Finally, it is obvious that before this Court can properly determine the rights of the litigants in a case it most certainly has to know what the evidence is which was presented to the jury, and not be required to surmize or infer what it was and if it was competent. The motion for a new trial should have been sustained.

For these reasons, the judgment is reversed and the cause is remanded for retrial.

Reversed and remanded.

*Ethridge, P. J., and Gillespie, Rodgers and Smith, JJ.,* concur.