257 So.2d 509 (1972)
Rita FREEZE (Johnson), a Minor by Next Friend
v.
John M. TAYLOR.
No. 46503.
Supreme Court of Mississippi.
January 24, 1972.
*510 Troutt & Moore, Senatobia, for appellant.
Ross L. Franks, Hernando, for appellee.
RODGERS, Presiding Justice:
The appellant Rita Freeze Johnson, a minor, brought suit against John M. Taylor for damages for personal injuries received by her as the result of a collision between an automobile driven by appellant and one driven by appellee. The jury returned a verdict in favor of the defendant John M. Taylor and appellant has appealed to this Court.
The accident occurred at the intersection of Highway 306 and the ramp or approach to Interstate 55. Appellant was traveling west until she reached a point on Highway 306 where she could turn south onto the approach to Interstate 55. As she approached the intersection to the ramp, appellee was traveling east on Highway 306. The two automobiles collided in the cross section leading to the ramp. The appellant contended that the defendant was intoxicated and was operating the automobile in which he was riding at a high and unlawful rate of speed. The defendant Taylor contended that the appellant turned her automobile across his lane of traffic at a time when it was impossible for him to stop, although he was driving at the lawful rate of speed. The appellant and appellee were injured, but appellant was seriously and permanently injured.
In view of our conclusion that this case must be reversed for a new trial, we will neither discuss the facts, nor will we discuss the weight of the evidence, except to say that we are of the opinion that the evidence presents a jury issue. New trials will not ordinarily be required on the issue of the weight of the evidence where the evidence is conflicting. Gillespie v. Doty, 160 Miss. 684, 135 So. 211 (1931); Cox v. Tucker, 133 Miss. 378, 97 So. 721 (1923).
There were, however, certain erroneous instructions given to the jury on behalf of the defendant during the trial of the case which require discussion. These instructions are as follows.
*511 Instruction No. 3 for the defendant was in the following language:
"The Court instructs the jury for the defendant that liability rests not upon danger but upon negligence."
This instruction is abstract in form and is misleading under the facts here shown. Abstract instructions on legal principles unrelated to facts and issues set out in the instructions are dangerous, because, although such instructions may be correct in principle, they require legal training to properly interpret. They tend to mislead the jury and are fertile fields on which to grow confusion and dissension.
The test to determine whether or not an instruction is abstract is to determine whether or not the instruction relates to facts shown by the evidence on the issues involved in the case. If an instruction merely relates a principle of law without relating it to an issue in the case, it is an abstract instruction and should not be given by the Court. New Orleans J. & G.N.R. Co. v. Statham, 42 Miss. 607 (1869); 53 Am.Jur. Trial § 573, p. 451 (1945); 38 Am.Jur. Negligence § 370, p. 1089 (1941).
The granting of an abstract instruction is not ordinarily considered to be a reversible error unless it tends to confuse and mislead the jury. Johns-Manville Products Corp. v. McClure, 46 So.2d 539 (Miss. 1950); 88 C.J.S. Abstract Instructions § 379, p. 962 (1955).
In the instant case, the dangers that could be inferred from the evidence as to the defendant are speed and driving while intoxicated. The jury could very easily interpret this abstract instruction to mean that, although it was dangerous to drive under the influence of intoxicants or at a high rate of speed, this did not mean that the defendant was negligent.
Driving an automobile on the highway under the influence of intoxicants, or at a high and unlawful rate of speed, is not only dangerous, but it is per se negligence, and if such negligence contributed to the injury of the plaintiff, the defendant is liable in damages. Hill v. Columbus Ice Cream & Creamery Co., 230 Miss. 634, 93 So.2d 634 (1957).
This instruction was obviously taken from Long v. Woollard, 249 Miss. 722, 739, 163 So.2d 698, 705 (1964). We have repeatedly warned the attorneys against copying sentences from opinions of this Court into instructions.
Instruction No. 5 was in the following language:
"The Court instructs the Jury for the defendant, that if you believe from a preponderance of the evidence in this case that the Plaintiff's automobile could have, by the exercise of reasonable care, avoided the collision complained of, and that her failure so to do, if any, was the sole proximate cause of said collision, then your verdict should be for the Defendant, John M. Taylor."
This instruction is erroneous. It puts the entire burden on the plaintiff to avoid the accident regardless as to whether or not the defendant was negligent. She could have avoided the accident by remaining at home. The issue here is not whether or not she could have avoided the accident, but, rather, whether or not the acts she did were negligent acts which contributed to the cause of the accident. One has a legal right to operate a motor vehicle on the highway so long as such operation is done in compliance with the law.
We said in Robinson v. Haydel, 177 Miss. 233, 171 So. 7 (1936) that the operator of a vehicle on the highway was not required to operate a truck at a safe rate of speed, that the law only required one to operate a truck at a reasonably safe rate of speed.
The standard of care for the plaintiff to avoid an accident is no greater than the standard of care required of the defendant to avoid an accident.
*512 The motorist at an intersection or at an approach to a ramp on a highway is under a duty to use care commensurate with all the circumstances and the danger reasonably to be anticipated. Such care may be affected by circumstances and conditions existing at the time, such as weather, traffic conditions, lights, obstructions at the intersection which may prevent a clear view, and other facts which may be pertinent in determining the care required. However, a motorist is not precluded from a recovery of damages resulting from a collision caused by the negligence of another motorist, in whole or in part, although he might have avoided the accident by not exercising his right to use the highway. 60A C.J.S. Motor Vehicles § 350(2), p. 487 (1969).
In Hickok v. Skinner, 113 Utah 1, 190 P.2d 514 (1948), the Court said:
"While the facts in the case of Bullock v. Luke, 98 Utah 501, 98 P.2d 350, are dissimilar, one of the rules laid down by that case is applicable here; and that is, regardless of which driver is technically entitled to the right of way, both operators must use due care and caution in proceeding into and across intersections. While the burden to drive so carefully as always to be prepared for, and to be able to avoid, the negligence of another should not be placed on either driver, there should be placed on both the burden to keep a proper lookout and to use reasonable care to avoid a collision. Neither should be permitted to close his eyes to other vehicles which he knows or has reason to believe are approaching, simply because a state statute or municipal ordinance designates him the preferred driver. The rights of drivers approaching and crossing intersections are relative. Both drivers have the duties of being heedful and of maintaining a proper lookout... ." 113 Utah at 7, 190 P.2d at 517.
In the case of Washam v. Peerless Automatic Staple Machine Co., 45 Cal. App.2d 174, 113 P.2d 724 (1941), the District Court of Appeals made an observation which, in our judgment, is apropos to this case. The Court said:
"... A motorist about to turn left is not required to leave his car and scan the horizon or by trigonometrical computations calculate the yards distant of the approaching car to insure his own safety against a collision with one who ignores the law and the rights of others lawfully within an intersection. Such a construction of the statute would be unreasonable and entirely impracticable on busy thoroughfares... ." 45 Cal. App.2d at 178, 113 P.2d at 727.
The issue in the instant case is not whether or not the plaintiff could have avoided the accident, but, rather, whether or not she used due care as a reasonable and prudent person in crossing the left lane of traffic at the place and under the conditions confronting her at the time.
Instruction No. 8 for defendant is as follows:
"The Court instructs the Jury for the Defendant that the driver of an automobile intending to turn left must exercise care not to turn into the path of an oncoming vehicle, that he must signal, that unless the driver has time to pass, he must wait for clear opportunity and proceed safely and that other drivers have the right to reasonably assume that he will do so."
This instruction gave the defendant the right-of-way even though (if true) the plaintiff had entered the intersection at a time when the defendant could have stopped his automobile if he had not been speeding. This instruction is in conflict with Section 8196, Mississippi Code 1942 Annotated (1956), which is in the following language:
"The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection *513 or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this Act, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right of way to the vehicle making the left turn."
A similar instruction was condemned by this Court in Hill v. Columbus Ice Cream & Creamery Co., 230 Miss. 634, 640, 93 So.2d 634, 636 (1957). In that case which was an intersection case, the trial court gave an instruction that it was not only the duty of appellant to stop at an intersection but "to wait until he could safely proceed." On appeal, this Court said that the instruction was in conflict with Section 8197, Mississippi Code 1942 Annotated (1956) because it told the jury that it was the duty of appellant not only to stop at the intersection but to wait until he could safely proceed. In other words, the instruction required more care than the law required.
Instruction No. 11 is in the following language:
"The Court instructs the Jury for the Defendant that if you believe from the evidence in this case that the injuries sustained by the Plaintiff was a direct result and proximately caused solely by the Plaintiff's own negligence and lack of due care and caution, then in this event, it will be your sworn duty to find for the Defendant."
Instruction No. 11 is erroneous. It permits the jury to roam at large in search of any negligence they may imagine whether based upon statutory duty or some fanciful care and caution not authorized by law. This instruction should not be given on a new trial.
We do not find it necessary to determine whether or not pleadings in another lawsuit are ordinarily admissible to impeach a witness in a case on trial (See 98 C.J.S. Witnesses § 593b [1957]). We are of the opinion that the trial court in the instant case properly sustained the objection to the introduction of the pleadings of another lawsuit in the trial of the case at bar. One may not impeach a witness on an immaterial matter. Jeffries v. State, 77 Miss. 757, 28 So. 948 (1900); 98 C.J.S. Witnesses § 580, p. 551 (1957).
We are of the opinion, and so hold, that the judgment of the trial court must be reversed, because the instructions of the defendant above set out are erroneous, harmful and reversible errors.
The judgment of the trial court is reversed and the case remanded for a new trial to accord with this opinion.
Reversed and remanded.
JONES, BRADY, SMITH and SUGG, JJ., concur.