This cause of action arose out of an automobile collision in which Carol Lynn Phillips received fatal injuries. The suit was instituted by the father of the deceased, Walter M. Phillips, under the Mississippi wrongful death statute against Debra Ann Jones and Eliam Carter, the operators of the two automobiles involved. Carol Lynn Phillips was a guest passenger in the automobile being driven by Debra Ann Jones and was guilty of no negligence.
The trial was held in the Circuit Court of Lee County, Mississippi, wherein the jury returned a verdict against both of the defendants, Debra Ann Jones and Eliam Carter, in the amount of $40,000. From that verdict Debra Ann Jones alone prosecutes her appeal, which was accomplished by filing an appeal bond without supersedeas. This appeal is docketed as Case No. 46,761. After this appeal was taken the appellees, Walter M. Phillips, et al., filed a suggestion for a writ of garnishment to be issued to State Farm Mutual Automobile Insurance Company, hereinafter called State Farm, the liability carrier for Debra Ann Jones. A judgment was rendered against State Farm in the sum of $10,000 in the Circuit Court of Lee County, Mississippi, since no supersedeas had been filed in behalf of Debra Ann Jones. From that judgment, State Farm appealed with supersedeas. This is Case No. 46,680. Upon motion filed in this Court, these two cases were consolidated over the objection of appellee Walter M. Phillips.
The record reveals that on the night of May 21, 1969, shortly after 10:00 o'clock, Debra Ann Jones left the Natchez Trace Inn, driving her father's 1969 Toyota automobile. Carol Lynn Phillips was seated on the front seat beside her. Debra Ann and Carol Lynn had been swimming along with other girls at the Natchez Trace Inn and had left when the pool closed at 10:00 p.m. Debra Ann, on leaving the Natchez Trace Inn, proceeded in the Toyota automobile in an easterly direction on West Main Street in Tupelo, Mississippi. She traveled a distance of 1.2 miles to the intersection of West Main Street and South Foster Street, at which point the collision between her Toyota automobile and a Pontiac automobile driven by Eliam Carter occurred. *Page 761 
The speed limit over this short distance changes at two different locations. In addition to the changing speed limit, there was located a stop light at the intersection of West Main Street and Thomas Street, which is .2 of a mile from the intersection at which the collision occurred. One witness testified that the Toyota automobile stopped at a red light at this intersection. West Main Street is adequately lighted and there is an unobstructed view at the intersection of West Main Street and Foster Street for approximately seven hundred feet to the west and two or three blocks to the east.
Debra Ann Jones was unable to testify regarding any facts in relation to the accident because she stated that she was unable to remember anything after she drove onto West Main Street from the Natchez Trace Inn until she was in the emergency room at the hospital.
The record reveals that a short distance from the Natchez Trace overpass the Toyota driven by Debra Ann Jones passed a pickup truck driven by Mr. Milton Medlock. In the truck with Milton Medlock was his son, Eddie Scott Medlock, a biology school teacher, and also one Fred Brooks who was seated on the extreme right-hand side of the seat. Mr. Eddie Medlock testified that at the time the Toyota passed them the truck was traveling "almost fifty miles per hour and the vehicle passed us. Pretty good speed, I couldn't say how fast it was going but it was going fast enough to get around us." Eddie Medlock further testified that he didn't notice the vehicle again until the wreck occurred but that he actually saw the two vehicles collide. He did not notice any headlights on the Toyota when it passed them. When he stopped to assist at the scene of the accident, Eddie Medlock further stated, he smelled the strong odor of alcohol but he could not tell whether it was on the person of Eliam Carter or just in the car. On direct examination he testified that he observed skidmarks of approximately eighteen feet, obviously laid down by the Toyota. However, he did not notice any brake lights come on the Toyota. Mr. Milton Medlock, the father of Eddie and the driver of the truck, testified that the Toyota completely stopped at the stop light at Thomas Street and West Main Street. Mr. Milton Medlock moreover stated that he saw the headlights on the Toyota prior to its passing and after it had passed his truck.
West Main Street is a four lane street, two lanes running east and two lanes running west. Witnesses placed the two vehicles, the Pontiac of Eliam Carter and the Jones' Toyota, just east of a sewer drain which was seventeen feet, two inches east of the intersection of Foster Street. It was at this location that the Toyota came to rest, with the Pontiac stopping at an angle with the rear near or over the center line between the east and westbound lanes.
Eliam Carter testified that on May 21, 1969, he was proceeding in a westerly direction on West Main Street in his 1969 Pontiac automobile. Mr. Carter further claimed that he did not see the vehicle of Debra Ann Jones until the collision, as he was attempting to make a left-hand turn to proceed on South Foster Street. Mr. Carter specifically denied that he was drunk but does admit that he had drunk one beer at about 3:00 o'clock that afternoon at Dona's Grill. Several witnesses, however, testified that Mr. Carter immediately before and after the accident was under the influence of intoxicating liquor. There were witnesses who testified on behalf of Eliam Carter that he was not under the influence of liquor that night, so the testimony was in sharp conflict. The question as to whether or not Debra Ann Jones' car's headlights were on was likewise conflicting. Eliam Carter specifically testified that he did not see the Toyota prior to the collision because it did not have its lights on. Eddie Medlock testified that he did not notice any lights on the Toyota as it passed his father's pickup truck and that he did not see any tail lights on the Toyota prior to the collision. Debra Ann Jones *Page 762 
was unable to testify that her headlights were on as she was unable to remember any material facts pertaining to the accident. The only person who would testify that the headlights were on was Mr. Milton Medlock, the driver of the pickup truck; thus, there was conflicting testimony as to whether Debra Ann Jones' Toyota automobile's headlights were on or off on the night of the collision. On this conflicting testimony the issues were submitted to the jury which returned a verdict of $40,000 against both the defendants, Eliam Carter and Debra Ann Jones. From that judgment Debra Ann Jones alone appeals.
Appellant Debra Ann Jones filed eleven assignments of error and in her brief argues only seven. We will consider only those errors essential to dispose of this case.
The appellant first urges that she was entitled to a directed verdict or a peremptory instruction for the reason that the sole proximate cause of the accident was the gross negligence of Eliam Carter in turning his automobile in front of the Toyota. When a motion for a directed verdict or a peremptory instruction is made, the general rule followed is to assume as true all testimony offered in behalf of the party against whom the motion is directed, and any reasonable inferences that may be drawn therefrom. Unless the evidence is insufficient from both of these to support a reasonable difference of opinion, then it is for the jury to decide the conflicting points relating to the liability of the parties concerned. Wilson v. Kirkwood, 221 So.2d 79 (Miss. 1969); and McGraw v. Smith, 209 So.2d 900 (Miss. 1968). There was ample evidence to warrant the jury's determination of the issues, since there was conflicting testimony. The appellant, Debra Ann Jones, was not entitled to a directed verdict or a peremptory instruction in this case and the trial court was correct in refusing to grant the peremptory instruction.
The appellant submits that appellees' instructions Nos. 3 and 8 were erroneous and should not have been granted by the trial court. Instruction No. 3 is as follows:
 The court instructs the jury for the plaintiffs, that a driver of an automobile must keep a reasonable and proper lookout and has no right to assume that the drivers of other vehicles on or near the highways will obey the law, but under all circumstances and at all times, she must be vigilant and must anticipate the presence of others, and if you believe from a preponderance of the evidence in this case that defendant, Debra Jones, did not keep such a reasonable and proper lookout, then and in that event, she was negligent, and if you further believe from a preponderance of the evidence that such negligence, if any, proximately caused the plaintiffs damages or proximately contributed to the happening of the collision giving rise to the plaintiffs' damages, it is your sworn duty to find for the plaintiff.
The granting of this unnecessary instruction, which contains a misstatement of the law, was reversible error. The error is that it places almost an absolute duty upon the appellant to anticipate the presence of Mr. Carter's vehicle at all times and under all circumstances and is in violation of the rules of law announced by this Court in Acord v. Moore, 243 So.2d 55 (Miss. 1971); Mills v. Balius, 254 Miss. 353, 180 So.2d 914 (1965); and Bryan Bros. Packing Co. v. Grubbs, 251 Miss. 52, 168 So.2d 289
(1964). This instruction likewise uses the word "vigilant." In Peel v. Gulf Transport Company, 252 Miss. 797, 174 So.2d 377
(1965), Judge Rodgers, speaking for this Court, in reference to an instruction that required a vigilant lookout, stated as follows:
 This instruction requires a vigilant lookout on the part of deceased. This is a higher degree of care than the law places upon a motorist traveling upon *Page 763 
the highway. We had occasion to point this out in Graves v. Hamilton, 184 Miss. 239, 184 So. 56 (1938). We drew a distinction in that case between vigilant caution and ordinary care. This distinction was recognized and reaffirmed in the recent case of Harvey v. Bush, [252] Miss. [326], 173 So.2d 125, decided March 22, 1965. (252 Miss. at 823-824, 174 So.2d at 389.)
Instruction No. 8 granted the appellees is as follows:
 The court instructs the jury for the plaintiffs that it is the duty of everyone to drive a motor vehicle upon a public highway at no greater rate of speed than is reasonable and prudent, having due regard to the traffic and the use and condition of the highway, or so as to endanger the life or limbs of any person. That the driver of an automobile does not have the right to a clear and unobstructed highway but must constantly keep the automobile driven by her under control, must continue on the alert, must keep a proper lookout ahead and anticipate the presence of other vehicles on the same highway and must, at all times, drive her automobile at such a rate of speed as to enable her to avoid striking other vehicles which come within her vision and under her observation, and if you believe from the evidence in this case that the defendant, Debra Jones, negligently failed as to any or all of such duties and obligations and that such negligence, if any, on her part, was a proximate contributing cause of the collision here sued on, then it is your sworn duty to find for the plaintiffs, against the defendant, Debra Jones.
The language used in this instruction, just as the language in Instruction No. 3, places a greater burden upon the appellant, Debra Ann Jones, than that which is required by law, and thus these instructions should not have been granted. Furthermore, Instruction No. 8 in fact bordered closely on being a peremptory instruction for the appellee Walter M. Phillips. We have no alternative but to hold that the granting of these two erroneous instructions require a reversal of this case, and a retrial before a properly instructed jury.
We will consider only one other error assigned by the appellant. That is that the trial court erred in granting appellees' Instruction No. 2 on the grounds that it was an abstract statement of the law and therefore should not have been granted. We find no merit in appellant's contention as regards this instruction for the reason that when this instruction is read with all the other instructions, it is explanatory and does not leave for determination by the jury only an abstract principle of law. However, on a retrial of this case it will not be necessary to request this instruction.
There is one stern reality which this Court must face, namely: The appellee Eliam Carter did not appeal and therefore any errors insofar as the judgment against him is concerned are not before this Court for determination. He sought improperly to appeal Cause No. 46,761 but actually his briefs clearly indicate he endeavored to appeal Cause No. 46,680, which is State Farm Mutual Automobile Insurance Company v. Walter M. Phillips, et al.
Insofar as Cause No. 46,761 is concerned, it is reversed and remanded on all issues for a new trial insofar as appellant Debra Ann Jones is concerned. Cause No. 46,680 is likewise reversed, and rendered here for the appellant, State Farm Mutual Automobile Insurance Company.
Cause No. 46,761 reversed and remanded; cause No. 46,680 reversed and judgment rendered here for appellant.
RODGERS, P.J., and JONES, SMITH and SUGG, JJ., concur. *Page 764