365 So.2d 957 (1978)
Cinderella Moore CROSSLEY
v.
Grace B. JAMES.
No. 50403.
Supreme Court of Mississippi.
December 20, 1978.
*958 Zachary & Gillespie, George E. Gillespie, Jr., Hattiesburg, for appellant.
Dudley W. Conner, Hattiesburg, for appellee.
EN BANC.
LEE, Justice, for the Court:
Cinderella Moore Crossley filed suit in the Circuit Court of Forrest County against Grace B. James seeking damages for personal injuries sustained in an automobile collision. The jury verdict was in favor of James, and judgment was entered accordingly. We reverse and remand for a new trial because of erroneous instructions granted at the request of James.
Appellant and Clayton Crossley were married in Kosciusko on July 4, 1973. Soon after the wedding, the Crossleys departed Kosciusko en route to the Mississippi Gulf Coast for their honeymoon. They were proceeding south on U.S. Highway 49 at a point near the north entrance to Camp Shelby. An automobile driven by appellee was going south in front of the Crossleys. From that time forward, the evidence on behalf of the parties is in direct conflict.
Appellant claims that her automobile was traveling south in the outside (west) lane at a speed of fifty-five (55) to sixty (60) miles per hour; that appellee's vehicle was proceeding south in the inside (east) lane; that without warning, appellee's vehicle veered into the outside lane in front of the Crossley automobile, forcing it onto the shoulder and into the ditch; and that the Crossley vehicle struck a culvert in the ditch, ran up over the Rogers Road (which intersected U.S. Highway 49 on the west), and struck appellee's vehicle in the right rear and side.
Appellee contends that she had entered the highway about one mile north of the Rogers Road; that she traveled south in the outside lane until she arrived at the Rogers Road upon which she intended to turn off the highway; that she gave a directional signal of her intent to turn, and that, as she turned off the highway, the Crossleys ran into her vehicle on the Rogers Road. At least one eyewitness corroborated each party's version.
Instruction D-3 [Appendix I], granted at the request of the defendant, told the jury that the driver of an automobile had the duty to drive with reasonable care, to keep a reasonable lookout ahead, and to observe signals in the exercise of ordinary care in order to avoid colliding with objects in front of him. Instruction D-4 [Appendix II] told the jury that, if it believed from a preponderance of the evidence the driver of plaintiff's automobile could have, by the exercise of reasonable care, avoided the collision by turning to the left and using the inside lane of traffic, the verdict should be for the defendant.
In Freeze v. Taylor, 257 So.2d 509 (Miss. 1972), the following instruction was granted the defendant:
"The Court instructs the Jury for the defendant, that if you believe from a preponderance of the evidence in this case, that the Plaintiff's automobile could have, by the exercise of reasonable care, avoided the collision complained of, and that her failure so to do, if any, was the sole proximate cause of said collision, then your verdict should be for the Defendant, John M. Taylor." (Emphasis added) 257 So.2d at 511.
In holding that the instruction constituted reversible error, the Court said:
"This instruction is erroneous. It puts the entire burden on the plaintiff to avoid the accident regardless as to whether or not the defendant was negligent. She could have avoided the accident by remaining at home. The issue here is not whether or not she could have avoided the accident, but, rather, whether or not the acts she did were negligent acts which contributed to the cause of the accident. One has a legal right to operate *959 a motor vehicle on the highway so long as such operation is done in compliance with the law." (Emphasis added) 257 So.2d at 511.
This Court had a similar instruction for consideration in Jones v. Phillips, 263 So.2d 759 (Miss. 1972). The instruction stated in part:
"That the driver of an automobile does not have the right to a clear and unobstructed highway but must constantly keep the automobile driven by her under control, must continue on the alert, must keep a proper lookout ahead and anticipate the presence of other vehicles on the same highway and must, at all times, drive her automobile at such a rate of speed as to enable her to avoid striking other vehicles which come within her vision and under her observation, ..." (Emphasis added) 263 So.2d at 763.
The Court said:
"The language used in this instruction, just as the language in Instruction No. 3, places a greater burden upon the Appellant, Debra Ann Jones, than that which is required by law, and thus these instructions should not have been granted ... We have no alternative but to hold that the granting of these two erroneous instructions require a reversal of this case, and a retrial before a properly instructed jury." 263 So.2d at 763.
See also Mills v. Balius, 254 Miss. 353, 180 So.2d 914 (1965) and Bryan Bros. Packing Co. v. Grubbs, 251 Miss. 52, 168 So.2d 289 (1964).
The instructions place upon appellant a greater burden than the law imposes, viz, the burden of avoiding the collision. Rather, the question is whether or not plaintiff's driver was guilty of negligence in doing, or in failing to do, some specific thing which proximately caused or proximately contributed to the collision. Even though appellant's driver may have been guilty of negligence in driving his automobile, still appellant was not barred from recovery if the jury found that appellee was guilty of negligence which proximately caused or proximately contributed to the collision. Further, the Instruction D-4 directs the jury's attention to the fact that appellant's driver could have avoided the collision by turning to the left without any other option (turning farther right, decreasing speed or stopping).
Instruction D-8 [Appendix III], in addition to using the offensive language, supra ("to avoid a collision") four (4) times, further stated:
"The Court instructs the jury the defendant has a right to drive on the public highways, and to assume the highway in question was reasonably safe to drive upon, and that she was not required to exercise or use extraordinary care in doing so... ." (Emphasis added)
The above language has been condemned in McHale v. Daniel, 233 So.2d 764 (Miss. 1970) which held the following instruction to be error:
"The Court instructs the jury for the defendant Jack L. Daniel, that every operator of a motor vehicle has the right to assume and to act upon the assumption, that every other operator will exercise reasonable care and caution in traveling upon the highways of the State of Mississippi."
In quoting from McMinn v. Lilly, 215 Miss. 193, 60 So.2d 603 (1952), where a similar instruction was discussed, the Court set forth:
"`* * * [S]econd, the defendants are in error under previous decisions of this Court in contending that the driver of a motor vehicle may assume that others on the highway will obey the laws of the road. * * *' (215 Miss. at 202, 60 So.2d at 608)." 233 So.2d at 769.
We conclude that the three instructions granted at the request of appellee constitute reversible error and that the case should be reversed and remanded for a new trial. Since the other errors assigned either have no merit or probably will not occur again, a discussion of them is not necessary.
REVERSED AND REMANDED.
*960 PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.

APPENDIX I

"INSTRUCTION NO. D-3
The Court instructs the jury it is the duty of the driver of an automobile to drive with reasonable care, and to keep a reasonable lookout ahead, and to observe signals, if any, in the exercise of ordinary care, in order to avoid colliding with objects in front of him; and a failure to do so is negligence; and you are further instructed if you believe the plaintiff's driver in the operation of her vehicle, at the time and place complained of, did not keep a reasonable lookout, or did not exercise reasonable care to keep his automobile under free and easy control under the conditions then prevailing, and, as a result thereof, drove the plaintiff's automobile off the highway to the right into a ditch and culvert and collided with the side of the defendant's car, and that such failure or failures, if any, was the sole proximate cause of the collision, then your verdict must be for the defendant."

APPENDIX II

"INSTRUCTION NO. D-4
The Court instructs the jury if you believe from a preponderance of the evidence in this case that the driver of the plaintiff's automobile could have, by the exercise of reasonable care, avoided the collision complained of by turning to the left and using the inside lane of traffic, and that his failure to do so was the sole proximate cause of the collision, then your verdict should be for the defendant."

APPENDIX III

"INSTRUCTION NO. D-8
The Court instructs the jury the defendant has a right to drive on the public highways, and to assume the highway in question was reasonably safe to drive upon, and that she was not required to exercise or use extraordinary care in doing so; and, if you believe from a preponderance of the evidence in this case the defendant was operating her automobile ahead of and in front of the automobile driven by the plaintiff's driver and within the range of his vision, it was the duty of the plaintiff's driver, in the exercise of reasonable care, not only to drive his vehicle so as to be able to stop if that should become necessary in the exercise of reasonable care to avoid a collision with an object within the range of his vision, but he must also drive his vehicle in the exercise of reasonable care to discover signals if any within the range of his vision, and objects indicating signals, if any, in time to perform the manual acts in the operation of his vehicle necessary to avoid a collision, even to the extent, in the exercise of reasonable care, to bring his vehicle to a complete stop should that be necessary to avoid a collision with others on or near the highway; and if you believe from a preponderance of the evidence in this case the plaintiff's driver was not exercising reasonable care so as to avoid over taking and colliding with the defendant's automobile; and if you believe such negligence, if any, was the sole proximate cause of the collisions of the plaintiff's automobile with the ditch, the culvert, and the defendant's automobile, then, it is your sworn duty to find for the defendant."