608 So.2d 692 (1992)
Gloria J. McCollum
v.
Sally FRANKLIN.
No. 07-CA-59638.
Supreme Court of Mississippi.
June 10, 1992.
Rehearing Denied December 10, 1992.
Thomas D. Berry, Jr., Gulfport, for appellant.
Richard B. Tubertini, David L. Cobb, Allen Cobb & Hood, Gulfport, for appellee.
Before ROY NOBLE LEE, C.J., and BANKS and McRAE, JJ.
BANKS, Justice, for the court:

I
We have here a record of the trial of a minor automobile accident, so replete with error that we reverse, despite the fact that not a single claim of error was properly preserved. The errors are such that the trial court, even where as here, it was bereft of the assistance of effective counsel for the plaintiff, should have recognized unfairness. Plaintiff's attorney is to be faulted for ineptitude and defendant's for taking unfair advantage.

II
This case comes to us on appeal from the Circuit Court of Harrison County where Gloria McCullom brought a personal injury *693 action against Sally Franklin for an accident which occurred between the two on December 30, 1986, at the intersection of Martin Luther King Drive and Highway 49 in Gulfport, MS. At trial, both women testified that they respectively had the green light. Each had the support of other witnesses for her version of the events. The jury rendered a verdict for Franklin and McCullom appeals assigning as error the court's ruling as to instructions, the exclusion of a witness, its allowing McCullom to be impeached improperly and allowing evidence in violation of our collateral source doctrine.

III
McCullom complains of instruction number D-5 which is follows:
The Court instructs the jury that according to the rules of the road, before you can enter an intersection governed by traffic control, in addition to adhering to the traffic control such as a traffic light and/or stop sign or yield sign, you must also use due care in keeping a proper lookout so as to avoid a collision with other traffic entering said intersection. If you find from a preponderance of the evidence that the Plaintiff, [McCullom], in entering the intersection east bound on Martin Luther King Avenue as it intersects with U.S. Highway 49, failed to keep a proper lookout and control of her vehicle as she approached and entered said intersection, and if you find further from a preponderance of the evidence that said action constituted negligence and that said negligence, if any, was the sole proximate cause of her injuries and damages, then you are to return a verdict for the Defendant, Sally Franklin.
In the case of Crossley v. James, 365 So.2d 957 (Miss. 1978), we held that the terms "so as to avoid striking other vehicles" places a higher burden on the plaintiff than the law allows. There, the Court reasoned that those terms directed the jury's attention to the fact that plaintiff's driver could have avoided the collision and suggested that defendant had a right to assume that others on the highway would obey the laws of the road. Id., at 959.
The Crossley opinion quoted from the case of Freeze v. Taylor, 257 So.2d 509, 511 (Miss. 1972) where the Court found error in the very same terms. The Court said:
This instruction is erroneous. It puts the entire burden on the plaintiff to avoid the accident regardless as to whether or not the defendant was negligent. She could have avoided the accident by remaining at home. The issue is not whether or not she could have avoided the accident, but, rather, whether or not the acts she did were negligent acts which contributed to the cause of the accident. One has a legal right to operate a motor vehicle on the highway so long as such operation is done in compliance with the law. 257 So.2d at 511.
In Jones v. Hatchett, 504 So.2d 198, 203 (Miss. 1987) we condemned an instruction requiring a driver to drive at a rate of speed so as "to avoid an object discernible within the range of his vision or in the assured clear distance ahead."
In light of the foregoing principles, D-5 is an erroneous instruction. As indicated above, however, McCullom's trial counsel utterly failed to raise any of the issues regarding instructions presented here on appeal by different counsel. During trial there was not an objection to any instruction.

IV
McCullom sought to call Patrick Jefferson as a witness. Jefferson apparently was on the scene soon after, or at the time of, the accident and assisted McCullom from the car. Counsel opposite objected on grounds that McCullom had failed to name Jefferson in response to the interrogatory query requesting the name of "each person who you will call as a witness in this case." McCullom listed no persons in response to this interrogatory and two persons other than Jefferson in response to a similar "may call" interrogatory.
McCullom contends that Jefferson was listed as a witness in the police report as well as in her deposition as the person who helped her out of her car. She submits *694 that she did not list any witnesses yet others were allowed to testify with the exception of Jefferson. McCullom asserts that plain error resulted from the trial court's denial of Jefferson's testimony. McCullom also contends that Jefferson was an important witness since he was on the scene and at her vehicle immediately following the collision. McCullom further asserts that because her credibility was attacked several times throughout the trial on collateral issues of which he might have knowledge it was essential that Jefferson testify.
Franklin counters that McCullom's failure to list Jefferson's name in any interrogatories as well as her failure to offer proof subsequent to the trial prevents any grounds of reversal based on an alleged erroneous ruling.
At the time that this interrogatory was propounded, it was objectionable under our rules. Before we amended Rule 26, providing the names of trial witnesses was thought invasive of work product and the thought processes of opposing counsel. During discovery, a party was, therefore, not entitled to a list of trial witnesses. Kern v. Gulf Coast Nursing Home of Moss Point, Inc., 502 So.2d 1198, 1200 (Miss. 1987). If a list of prospective witnesses was desired by a party, it could be secured by order in connection with a pretrial conference under Rule 16, Miss.Rules of Civ.Pro., but not at the discovery stage. Ladner v. Ladner, 436 So.2d 1366, 1372 (Miss. 1983).
As was the pattern, McCullom did not object to the interrogatory, she simply failed to answer it as to "will call" witnesses and answered incompletely as to "may call" witnesses. Defendant filed no motion to compel further answers.
Ignoring for the moment that McCullom wholly failed to preserve this issue by proffering Jefferson's testimony, it is clear that the trial court failed to properly respond to the objection based on lack of discovery. Exclusion of evidence is a last resort. Every reasonable alternative means of assuring the elimination of any prejudice to the moving party and a proper sanction against the offending party should be explored before ordering exclusion.
Here the information concerning Jefferson as a witness was known to the defendant through the police report and McCullom's deposition. The report contained Jefferson's name, address and phone number and the notation that he did not actually see the accident. The defendant could not claim surprise at the fact that Jefferson was a witness. The only fact not known to defendant, presumably, is that McCullom would call Jefferson. That was information that the defendant was not at that time entitled to learn through discovery. Jefferson obviously was in a position to shed light on a number of disputed issues, including the collateral issue of whether any one else was in the car with McCullom and McCullom's apparent physical condition immediately after the accident. He should have been allowed to testify.

V
The most egregious error is defendant's cross examination of the plaintiff. He began by gratuitously bringing out that she was separated from her husband and had a child not born of the marriage. He then went to the question of whether she had ever been reprimanded on her job at Ingalls Shipbuilding which she had answered in the negative during her deposition. He produced and had admitted a package of documents styled "Disciplinary Action Notice" which were apparently warnings handed McCullom over her thirteen years of employment for various job related offenses including "loafing", "failure to wear safety glasses," "unsatisfactory work" and the like.
Nothing about McCullom's family situation or her work was even remotely at issue. Alas, there was no objection and no corrective action on the part of the court. We say without hesitation, however, that counsel must have known better. See, Baxter v. Rounsaville, 193 So.2d 735, 740 *695 (Miss. 1967); Miss.R.Evid. 608(b),[1] covers the point. Extrinsic evidence of McCullom's alleged acts at work was inadmissible. Moreover, none of the acts alleged in the documents go to the character trait of truthfulness. This area of inquiry and the evidence adduced was impermissible.

VI
Finally, McCullom argues that the court should not have allowed the defendant to cross-examine her to show that her insurance company had paid all her medical bills. Eaton v. Gilliland, 537 So.2d 405, 407, 408 (Miss. 1989) restates our familiar collateral source doctrine holding that a defendant is not allowed to cross-examine a plaintiff regarding evidence of insurance proceeds paid with respect to the accident by a collateral source, plaintiff's health insurer. Again, plaintiff's trial lawyer failed to object, and defense counsel should have known better.

VII
Although adversarial in nature, trial proceedings should not be viewed as a no-holds barred wrestling match. The attitude that everything is proper as long as you don't get caught is not one that our profession or this society can long survive. A lawyer who knowingly offers inadmissible and prejudicial evidence is not performing in a professionally competent manner nor is one who comes to trial so unprepared and unskilled as to permit continued transgressions of our evidentiary rules. Both are at fault. We reverse the judgment below and remand this matter to the circuit court for further proceedings which we hope will be conducted with an apt degree of competency and fidelity to the law.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and McRAE, JJ., concur.
NOTES
[1] Miss.R.Evid. 608(b) provides in part:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime ... may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.