**Kenneth STELLY, Plaintiff,**

v.

**BARLOW WOODS, INC., d/b/a Best Western Seaway Inn, Defendant.**

**Civil Action No. 1:90–CV–344R.**

United States District Court, S.D. Mississippi, Southern Division.

Nov. 16, 1993.

 

Lisa Collums, Gulfport, MS, Michael Lotief, Lafayette, LA, for Kenneth Stelly.

William E. Whitfield, III, Elizabeth L. Baine, Gulfport, MS, for Barlow Woods, Inc.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This matter is before this Court on the plaintiff's Motions to reconsider the damages award and to amend the pleadings. The award to which the plaintiff, Kenneth Stelly, is referring was granted by this Court through a Bench Opinion issued on August 12, 1993, after a two-day, nonjury trial. Specifically, this Court awarded the plaintiff: (1) $13,368.24 for medical costs he incurred as a result of a slip and fall on a dance floor at the defendant's nightclub, known as "Michael's," which operates out of the Best Western Seaway Inn on Highway 49 in Gulfport, Mississippi; (2) $10,400.00 for past lost wages; and (3) reasonable attorney's fees.

The plaintiff asks this Court "to re-evaluate the award of past lost wages to include that time from the date of injury (6–18–88) until the date of trial (6–21–93), which would encompass [his] knee surgeries of July 20, 1989, and June 22, 1992, and a reasonable recuperation time." A thorough review of the evidence, counsel's arguments, and relevant law leads this Court to the conclusion that the award for past lost wages was more than fair and adequate to compensate the plaintiff. The evidence is simply insufficient to justify the plaintiff's total failure or inability to work during the five-year period between the date of injury and the date of trial.

The plaintiff also asks this Court to award damages for pain and suffering. The defendant, however, contends: (1) that "none of the plaintiff's pleadings seek 'pain and suffering' as recognized as a separate prayer for relief under the provisions of the Federal Rules of Civil Procedure," and (2) that this Court is "well within its rights to deny relief to the plaintiff for 'pain and suffering' for which passing mention was made at trial via testimony." The plaintiff counters that, assuming he did indeed fail to sufficiently assert a request for such damages, then this Court should grant him the opportunity to amend the pleadings.

Whether or not the pleadings contain a request for damages for pain and suffering is an issue which need not be reached because this Court finds that the

record is devoid of the quantum of evidence necessary to meet the strict standard by which such damages may be awarded under Mississippi law. In other words, "[i]njuries of any type or degree, temporary or permanent, **including any pain and suffering**, must be established by a preponderance of the credible evidence and shown to be causally related to the alleged negligence." *Mills v. Balius*, 254 Miss. 353, 180 So.2d 914, 917 (1965); *see also Dawson v. Wal–Mart Stores, Inc.*, 781 F.Supp. 1166, 1171 (N.D.Miss.), *aff'd*, 978 F.2d 205 (5th Cir.1992). As most recently explained by the Mississippi Supreme Court: "Whatever the measure of damages, they may be recovered *only where and to the extent that the evidence removes their quantum from the realm of speculation and conjecture and transports it through the twilight zone and into the daylight of reasonable certainty*." *Christian Methodist Episcopal Church v. S & S Constr. Co.*, 615 So.2d 568, 574 (Miss.1993) (quoting *Wall v. Swilley*, 562 So.2d 1252, 1256 (Miss.1990)); *see also New Hampshire Ins. Co. v. Sid Smith & Assocs.*, 610 So.2d 340, 345 (Miss.1992) ("damages which are uncertain, contingent or speculative are not recoverable") (citing *Hudson v. Farrish Gravel Co.*, 279 So.2d 630, 635 (Miss.1973)).

 Dissatisfaction with the award is understandable. However, at trial the plaintiff simply did not present a "preponderance of the credible evidence" with which this Court could "measure" the quantum of pain and suffering "causally related" to his slip and fall.[1] This Court cannot, and will not, award damages when to do so would require embarkment on a journey into the "twilight zone" of wholesale speculation and conjecture.[2]

■ Finally, this Court has no choice but to withdraw its decision to award reasonable attorney's fees. Mississippi follows the "American rule" on awarding attorney's fees. Pursuant to this rule, "in the absence of contractual provision or statutory authority," trial expenses and attorney's fees may not be awarded to the successful litigant. *Grisham v. Hinton*, 490 So.2d 1201, 1205 (Miss.1986); *see also Smith v. Dorsey*, 599 So.2d 529, 550 (Miss.1992); *Wildmon v. Berwick Universal Pictures*, 803 F.Supp. 1167, 1178 (N.D.Miss. 1992), *aff'd*, 979 F.2d 209 (5th Cir.1992). Therefore, unless counsel for the plaintiff can show otherwise, this Court has no authority to award attorney's fees.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the plaintiff's Motions to reconsider the damages award and to amend the pleadings is hereby **DENIED,** that the award for reasonable attorney's fees be **WITHDRAWN,** and that the defendant be held liable for the plaintiff's medical costs in the amount of $13,368.24 and for past lost wages in the amount of $10,400.00.

---

1. Indeed, the plaintiff wholly failed to request damages for pain and suffering in his proposed "Findings of Fact and Conclusions of Law" which he submitted to the Court at the conclusion of the trial. Specifically, the plaintiff requested: (1) $13,368.24 for medical bills; (2) $44,086.00 for past lost wages; (3) $520,208.00 for future lost wages; (4) $30,734.00 for past and future loss of health insurance; and (5) $50,035.00 for loss of entitlements.

2. Of course, this Court is well aware that the "measure" of damages for pain and suffering requires some degree of speculation and conjecture. *Gorniak v. National R.R. Passenger Corp.*, 889 F.2d 481, 484 (3d Cir.1989) ("[E]very estimate of damages must contain elements of speculation.") (quoting *Wiles v. New York, Chicago & St. Louis Railroad Co.*, 283 F.2d 328, 331 n. 3 (3d Cir.), *cert. denied*, 364 U.S. 900, 81· S.Ct. 232, 5 L.Ed.2d 193 (1960)); *see also Keyes v. Lauga*, 635 F.2d 330, 336 (5th Cir.1981). However, this Court must reiterate that Mississippi law strictly dictates that damages be awarded "**only where and to the extent** that the evidence removes their quantum from the realm of speculation and conjecture." *Christian Methodist Episcopal Church v. S & S Constr. Co.*, 615 So.2d 568, 574 (Miss. 1993) (quoting *Wall v. Swilley*, 562 So.2d 1252, 1256 (Miss.1990)); *see also New Hampshire Ins. Co. v. Sid Smith & Assocs.*, 610 So.2d 340, 345 (Miss.1992) (reversing damages award because based on evidence deemed too speculative); *Hudson v. Farrish Gravel Co.*, 279 So.2d 630, 636 (Miss.1973) (reversing and *rendering* because damages were "speculative as to the amount ... sought").